KRONENBERGER ROSENFELD, LLP
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiffs,
Sidney Gordon and Jeffrey Tauber

E-filing   Filed
FEB 06 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

CV 15 80057 MISC. NC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **SIDNEY GORDON**, an individual; and **JEFFREY TAUBER**, an individual, <br><br> Petitioners, <br><br> v. <br><br> **SIGMA DESIGNS, INC.**, a California corporation, <br><br> Respondent. | Misc. Case No. <br><br> Related Case No. 11-CV-9665 (JSR) (S.D.N.Y.) <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO APPEAR FOR DEPOSITION AND PRODUCTION OF DOCUMENTS; REQUEST FOR EXPEDITED TREATMENT** <br><br> Date: T.B.D. <br> Time: T.B.D. <br> Ctrm: T.B.D. <br> Before: T.B.D. |

Case No.

PLAINTIFFS' NTC OF MTN AND MTN TO
COMPEL COMPLIANCE WITH SUBPOENA

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Court, at the United States District Court for the Northern District of California, San Jose Division, 280 S. 1st St., San Jose, CA 95113, Petitioners Sidney Gordon and Jeffrey Tauber (herein referred to as "Plaintiffs") will and hereby do move for an order:

1.     Compelling Respondent Sigma Designs, Inc. ("Sigma") to produce certain highly relevant documents and designate a witness for deposition in response to a subpoena validly served in the underlying action of *Gordon et al. v. Sonar Capital Management, et al.*, Case No. 11-CV-9665 (JSR), which is presently pending in the United States District Court for the Southern District of New York (the "New York Action"); and

2.     Expediting hearing and decision on the instant motion.

Plaintiffs' motion is filed in this Court pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), which requires the serving party to move the court for the District where compliance is required for an order compelling said compliance. Plaintiffs' motion to compel is based on this notice of motion and motion, the declaration of Brian C. Kerr in support of this motion, as well as the attachments thereto, and all other papers filed and proceedings held in this action. In addition, good cause exists for expedited treatment of the motion as the discovery cut-off in the New York Action is February 25, 2015, trial is scheduled to begin on April 27, 2015, and Sigma's refusal to comply with the subpoena has already caused substantial delay and prejudice to Plaintiffs.

Respectfully submitted,

DATED: February 5, 2015

KRONENBERGER ROSENFELD, LLP

By: _____
Virginia Sanderson

Attorneys for Plaintiffs

Case No.      1      PLAINTIFFS' NTC OF MTN AND MTN TO COMPEL COMPLIANCE WITH SUBPOENA

Plaintiffs Sidney Gordon and Jeffrey Tauber submit the following memorandum of points and authorities in support of their motion to compel Respondent Sigma Designs, Inc. to produce certain highly relevant documents and designate a witness for deposition in response to a validly served subpoena.

## I.   INTRODUCTION

Lead Plaintiffs Sidney Gordon and Jeffrey Tauber ("Plaintiffs") respectfully move for an order compelling Sigma Designs, Inc. ("Sigma") to produce certain highly relevant documents and designate a witness for deposition in response to a validly served subpoena ("Subpoena").

As detailed below, this action ("Action") is brought by Plaintiffs individually and on behalf of all persons and entities who sold shares of Sigma on certain days, during the period from July 13, 2007 through November 28, 2007 ("Seller Class Period"), and on behalf of all persons and entities who bought shares of Sigma on certain days, during the period from December 20, 2007 through March 12, 2008 ("Buyer Class Period"). Plaintiffs allege that, in violation of Sections 10(b), 20A, and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, Defendants Sonar Capital Management LLC ("Sonar"); Neil Druker, the CEO and primary manager of Sonar; and the Sonar Hedge Funds ("Insider Trading Defendants") engaged in a massive insider-trading scheme, which included trading in Sigma shares, allowing Defendants to reap tens of millions of dollars in illicit profits and avoided losses.

Although a non-party, Sigma is the company at the center of this case, which concerns insider trading by the defendants while in possession of material non-public information about Sigma, and which was leaked to the Insider Trading Defendants by an employee of Sigma ("Disloyal Sigma Employee"). The subpoena is narrowly tailored and primarily requests documents and testimony concerning two discreet areas: (1) the Disloyal Sigma Employee (i.e., the employee's identity, employment history, and any related internal investigations by Sigma); and (2) the material non-public information that employee disclosed (including the custodian of the information, the parties that were

provided with access to the information, and the flow of that information). Despite the obvious relevance of this information, Sigma has refused to produce any of the requested documents and testimony.

Prior to filing this motion, counsel for Plaintiffs contacted Sigma's counsel in an effort to resolve this dispute, however, those efforts were unsuccessful. *See* Declaration of Brian C. Kerr in Support of Plaintiffs' Expedited Motion to Compel Compliance with Subpoena to Appear for Deposition and Production of Documents ("Kerr Decl.") at ¶ 9, submitted herewith.

For these reasons, and as further set forth herein, Plaintiffs respectfully request that the Court grant its motion in its entirety with such other and further relief as it deems just and proper. In addition, as detailed below, the court presiding over this action has ordered that discovery must be completed by February 25, 2015. Accordingly, Plaintiffs request expedited treatment of this motion.

## II. BACKGROUND

### A. SUMMARY OF THE ALLEGATIONS

As detailed in the Complaint,[1] the Insider Trading Defendants maintained an extensive network of sources that provided material, nonpublic information concerning publicly traded companies, including Sigma. The Insider Trading Defendants routinely obtained nonpublic information about Sigma – typically at the end of the quarterly reporting season – in exchange for payment or other consideration to their sources.

One of these sources was Tai Nguyen, who was the founder, owner, president, and sole employee of Insight Research, LLC ("Insight Research"), a consulting firm that purported to analyze publicly traded technology companies for hedge fund managers. Insight Research marketed itself as an independent research firm that provided information on technology and pharmaceutical companies to hedge funds (like Sonar).

---

[1] The facts set forth in the Background are derived from the Third Amended Class Action Complaint filed in this Action (Dkt. No. 105), a copy of the redacted version that is publicly available is attached as Exhibit A to the Kerr. Decl.

Case No.　　　　　　　　　　　　2　　　　　PLAINTIFFS' NTC OF MTN AND MTN TO COMPEL COMPLIANCE WITH SUBPOENA

Insight Research was essentially a one-person operation, however. Nguyen was the sole owner and employee, and Insight Research conducted business and received payments for services provided to its hedge fund clients at Nguyen's home. Prior to founding Insight Research, Nguyen worked for Sigma.

Throughout 2006 and 2007, Nguyen repeatedly provided Sonar with material, positive non-public information concerning Sigma's actual and projected financial results that Nguyen had obtained from a relative who worked at Sigma. Indeed, a substantial portion of the documents and testimony requested in the Subpoena concerns the identity and role of Nguyen's relative who was the source of the inside information utilized by the Insider Trading Defendants.

The inside information the Disloyal Sigma Employee provided to Nguyen, and which Nguyen provided to Sonar, primarily consisted of advance quarterly revenue figures. In addition, Nguyen provided inside information concerning contracts between Sigma and Motorola, a telecommunications company which manufactured set-top cable boxes that it sold to cable companies, for Sigma to manufacture chips that Motorola incorporated into its set-top cable boxes. Depending on the period at issue, the inside information regarding Sigma's order from Motorola either concerned an unexpectedly large or small chip order that had a significant impact on Sigma's revenue.

Sonar used this inside information to purchase unlawfully Sigma shares. All told, Sonar purchased more than 1,500,000 shares of Sigma while in possession of material, positive non-public information concerning Sigma, and furthermore, in late 2007 and early 2008, Sonar sold 150,000 shares of Sigma, and purchased put options on Sigma shares, while in possession of material, negative non-public information obtained from Nguyen concerning Sigma's actual and projected financial results. Through these inside trades, Sonar obtained profits and avoided losses in the tens of millions from their transactions in Sigma stock in late 2007 and early 2008.

In early 2011, both the United States Attorney's Office and United States Securities and Exchange Commission ("SEC") commenced actions against the Insider

Trading Defendants and Defendant Freeman in connection with Sonar's insider trading scheme. Shortly thereafter, Freeman pled guilty to claims of securities fraud, conspiracy to commit securities fraud, and conspiracy to commit wire fraud.

### B. PROCEDURAL HISTORY

This litigation was commenced by the filing of an initial complaint by Plaintiff Gordon in December 2011 (Dkt. No. 1). Thereafter, following the appointment of lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Plaintiffs filed an Amended Class Action Complaint (Dkt. No. 39), which was dismissed without prejudice by Order entered February 8, 2013 (Dkt. No. 63), and followed by an Opinion and Order entered June 13, 2013 (Dkt. No. 76).

Prior to repleading, Plaintiffs settled with Defendant Freeman for $550,000 in cash and his cooperation with the further prosecution of the case. Freeman was a former portfolio manager at Sonar who has pled guilty to criminal insider trading charges and has stated that he insider traded in Sigma shares while at Sonar. Freeman confirmed to Plaintiffs that the Disloyal Sigma Employee was an employee of Sigma during the period that Tai Nguyen provided the inside information to Sonar and that he was a relative of Nguyen. The Court approved the partial settlement, entering a Final Judgment and Order of Dismissal as to Freeman on June 7, 2013 (Dkt. No. 73).

On July 2, 2013, Plaintiffs filed a Second Amended Class Action Complaint (Dkt. No. 79). By Order entered November 1, 2013 (Dkt. No. 90), the Court denied Defendants' renewed motion to dismiss, which the Court explained further in its August 1, 2014 Memorandum (Dkt. No. 103).

Upon the lifting of the PSLRA stay, Plaintiffs commenced discovery and, thus far, have secured production of approximately 18,000 pages of documents from Sonar. With leave of Court, on December 30, 2014, Plaintiffs filed their Third Amended Class Action Complaint (Dkt. No. 105).[2]

---

[2] This complaint added claims against certain persons and entities who were investors in the Sonar Hedge Funds and redeemed their interests in those Funds or who received dividends or other disbursements, through liquidation or otherwise, from those Funds



Pursuant to the Civil Case Management Plan, so ordered by the Honorable Jed S. Rakoff on December 29, 2014 (Dkt. No. 107), all discovery must be completed by February 25, 2015 and the case must be ready for trial on April 21, 2015, with trial scheduled to begin April 27, 2015. A copy of the Civil Case Management Plan is attached as Exhibit B to the Ker Decl. Accordingly, Plaintiffs request expedited treatment of this motion.

On or about October 3, 2014, Plaintiffs served Sigma with a subpoena ("First Subpoena") requesting production of certain documents and a designee to appear for a deposition to authenticate the documents produced pursuant to the subpoena. A copy of the First Subpoena is attached as Exhibit C to the Ker Decl. Although the First Subpoena was narrowly tailored, Sigma responded with cookie cutter objections and provided a small selection of documents that appear to have been collected for earlier governmental requests. A copy of the Objections and Responses of non-Party Subpoena-Recipient Sigma Designs, Inc., dated October 15, 2014, which are responsive to the First Subpoena, is attached as Exhibit D to the Ker Decl. These documents, which totaled 335 pages, were designated confidential by Sigma so they are not discussed herein.

After reviewing Sigma's objections, responses, and limited production in response to the First Subpoena, on or about January 20, 2015, Plaintiffs served a second subpoena ("Second Subpoena"), which was even more narrowly tailored and requested indispensable documents and testimony focusing on the identity of the Disloyal Sigma Employee (Tai Nguyen's relative) and the leaked material non-public information. A copy of the Second Subpoena is attached as Exhibit E to the Ker Decl.

Sigma again responded with generic cookie cutter objections and failed to specifically address each of the requests. Further, in response to the Second Subpoena, Sigma provided no documents and inexplicably objected to each of the testimony topics identified in the Second Subpoena. A copy of the Objections and Responses of non-

---

after July 1, 2007 ("Investor Defendants") to void the transfers as fraudulent under Mass. Gen. Laws Ch. 109A §§ 5, 6 and as constituting unjust enrichment at the expense of Plaintiffs and Class members.

Case No.   5   **PLAINTIFFS' NTC OF MTN AND MTN TO COMPEL COMPLIANCE WITH SUBPOENA**

1 Party Subpoena-Recipient Sigma Designs, Inc., dated January 28, 2015, which are
2 responsive to the Second Subpoena, is attached as Exhibit F to the Ker Decl.

### III. ARGUMENT

#### A. THE LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure authorizes a subpoena to be issued that commands a non-party to produce documents, electronically stored information, or tangible things in that non-party's possession, custody or control. FED. R. CIV. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through a subpoena [issued under Rule 45] is the same as that applicable to Rule 34 and the other discovery rules." FED. R. CIV. P. 45 Notes of Advisory Committee on 1970 Amendments.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). As one Court recently stated:

> Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Where relevance is in doubt the court should be permissive. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006).

*Erickson v. Microaire Surgical Instruments LLC*, No. C08-574BHS, 2010 U.S. Dist. LEXIS 55838, at *4 (W.D. Wash, May 6, 2010).

#### B. THE SUBPOENA

Stated briefly, this Action concerns illegal insider trading by the Insider Trading Defendants utilizing material non-public information concerning Sigma. From about 2006 through 2009, the Insider Trading Defendants received the inside information from Tai Nguyen who in turn received the information from his relative that worked at Sigma (the Disloyal Sigma Employee). The inside information relevant to this Action pertained to two general categories: (1) advance information concerning Sigma's quarterly financials; and (2) information concerning the volume of the chip orders Sigma received from Motorola, a

Case No. | 6 | PLAINTIFFS' NTC OF MTN AND MTN TO COMPEL COMPLIANCE WITH SUBPOENA

significant customer of Sigma's products.

The Second Subpoena seeks limited discovery focused on two discreet categories: (1) the Disloyal Sigma Employee (i.e., the employee's identity, employment history, and any related internal investigations by Sigma); and (2) the leaked material non-public information (including the custodian of the information, the parties that were provided with access to the information, and the flow of that information).

For example, Requests Nos. 1, 7 and 8, all concern Tai Nguyen, the tipper of the inside information to Sonar and former Sigma employee, and his relatives that worked at Sigma (the "Nguyens") and seek to enable Plaintiffs to identify the Disloyal Sigma Employee that leaked the inside information to the Insider Trading Defendants, how that leak occurred, when it occurred and which parties were involved. This information is central to Plaintiffs' claims. *See Gordon v. Sonar Capital Mgmt. LLC*, 11-cv-9665 (JSR), 2014 U.S. Dist. LEXIS 111543, at *5 (S.D.N.Y. July 31, 2014). Similarly, Requests Nos. 2-6 and 9, which all concern the inside information that was leaked by the Disloyal Sigma Employee to the Insider Trading Defendants, which is central to this Action, is clearly relevant as it will also enable Plaintiffs to identify the Disloyal Sigma Employee (*see id.*) and to provide additional evidence at trial.

Likewise, the testimony topics identified in the subpoenas are narrow and focus on the Disloyal Sigma Employee and the leaked inside information. Such a witness is also necessary to properly authenticate the limited documents Sigma has already produced as well as to authenticate the documents sought by this motion.

For example, Topics Nos. 1 and 5 concern the Nguyens and, as explained above, are necessary to enable Plaintiffs to identify the Disloyal Sigma Employee that leaked the inside information to the Insider Trading Defendants, how that leak occurred, when it occurred and which parties were involved. This information is central to Plaintiffs' claims, and it is indispensable to this Action. Topics Nos. 2-4 concern the inside information that was leaked to the Insider Trading Defendants, and, as explained above, form the heart of this Action, are self-evidently relevant, and will also enable Plaintiffs to identify the

Disloyal Sigma Employee.

Moreover, with respect to the requests concerning the Disloyal Sigma Employee, the Subpoena limits the relevant time frame to about the window during which the illegal insider trading took place (i.e. 2006-2010). The only exception to that is the requested information concerning Tai Nguyen, which includes no time limit, but is nevertheless narrowly focused on one highly relevant individual. However, with respect to the leaked inside information, the time frame is even more narrow. The requested information concerning the leaked Motorola information is limited to the two year period between June 2006 and June 2008 and the information concerning the leaked financial information is relates to information that spans approximately one and a half years (i.e. the financial information released between November 2006 and March 2008).

### C. SIGMA'S GENERIC OBJECTIONS LACK MERIT

Despite the relevance of this information and its limited time frame, Sigma has furnished boilerplate objections and responses to the Subpoena and has refused to produce any of the requested documents and designate a representative to appear at a deposition.

Without specifically identifying which of Plaintiffs' requests it is responding to, Sigma objects that the time, place, and manner specified for production would impose undue burden and expense on Sigma. This objection should be rejected. Sigma's offices are located at 1778 McCarthy Blvd, Milpitas, CA 95035, which is the same location where Sigma was served with the Subpoena. The place designated for service is Quest Discovery Services, which is located at 981 Ridder Park Drive, San Jose, CA 95131. According to Google Maps, the distance between the two locations is approximately 2.6 miles. This distance is significantly less than the 100 mile distance allowable pursuant to FED. R. CIV. P. 45(c).

Sigma also objects that the Subpoena is not reasonably calculated to lead to the discovery of admissible evidence and requests information available from other sources. First, Sigma has not identified which of the requests this is directed toward. More

Case No. 8 **PLAINTIFFS' NTC OF MTN AND MTN TO COMPEL COMPLIANCE WITH SUBPOENA**

significantly, even with respect to each of Plaintiffs' requests, this objection is belied by the fact that, as demonstrated above, Plaintiffs have purposely crafted their requests as narrowly as possible and limited them to relevant and necessary documents essential to this Action.

Sigma's remaining objections, including that the documents requested contain confidential and proprietary information including some to which Sigma *may* be under an obligation of confidentiality and that the document request seeks production of materials protected by the attorney-client privilege, work product immunity, or any other applicable privilege or protection are also untenable. There is already a confidentiality order in place in the Action, which was sent to Sigma and was used for its initial production [consider attaching?]. Moreover, Sigma has failed to identify which requests these objections apply to, has couched its objection based on confidentiality in tentative terms and failed to provide a privilege log of the "privileged or protected" documents. Indeed, based on Sigma's response, it is impossible to know whether Sigma has the requested documents but is electing to withhold them, or whether no documents exist that are responsive to the requests.

Based on the foregoing, it is clear that Plaintiffs' Subpoena is highly focused and appropriately limited in scope and breadth, and Sigma's objections lack merit.

//
//
//
//
//
//
//
//
//
//

## IV.   CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court hear this motion on an expedited basis and compel Sigma to produce the documents responsive to the Subpoena and designate a witness to provide deposition testimony on the topics set forth therein.

Respectfully Submitted,

DATED: February 5, 2015

**KRONENBERGER ROSENFELD, LLP**

By: _____
Virginia Sanderson

Attorneys for Plaintiffs